CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII   cc
Dec 26, 2023, 9:48 am
Lucy H. Carrillo, Clerk of Court

MICHAEL NAMMAR
MARK INCIONG CA BAR #163443
W. KEAUPUNI AKINA #11565
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Michael.Nammar@usdoj.gov
          Mark.Inciong@usdoj.gov
          KeAupuni.Akina@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00103 DKW |
|---|---|---|
| Plaintiff, | ) | INFORMATION |
| vs. | ) | [18 U.S.C. §§ 1349, 1343] |
| JASON K. YOKOYAMA, | ) | |
| Defendant. | ) | |

INFORMATION

The United States Attorney charges:

Wire Fraud Conspiracy
(18 U.S.C. §§ 1349, 1343)

Introductory Allegations

At all times relevant to this Information:

1. Leverage, Inc., operated under the trade name M Nightclub and later Encore Nightclub (hereinafter "the Nightclub"). The Nightclub operated in the downtown area of Honolulu, Hawaii.

2. The Defendant, Jason K. Yokoyama, managed the day-to-day operations of the Nightclub.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury. The IRS had responsibility for the assessment, ascertainment, computation, and collection of federal income taxes, including individual income taxes.

The Conspiracy

4. From a precise date unknown, but by at least 2013, and continuing to in or around 2017, within the District of Hawaii, JASON K. YOKOYAMA, the defendant, did knowingly conspire with Michael J. Miske, Jr. ("Miske"), and others, known and unknown, to knowingly devise and intend to devise a scheme

and artifice to defraud, and to obtain money and property from the IRS, by means of materially false and fraudulent pretenses and representations, and for the purpose of executing the scheme and artifice to defraud, transmit, and cause to be transmitted, certain writings, signs, signals, and sounds in interstate commerce, in violation of Title 18, United States Code, Section 1343.

<u>Manner and Means of the Conspiracy</u>

5.      The defendant and his co-conspirators, including Miske, agreed to conceal funds and income from the IRS.  They did so by, among other things, filing false federal income tax returns electronically with the IRS for the Nightclub. The defendant and Miske knew that the tax returns were fraudulent because the returns failed to report all the income from the Nightclub and inflated deductions.

6.      As a part of the conspiracy, the defendant, at the direction of Miske, set up a second cash register at each of the Nightclub's bars.  These second cash registers were not connected to the Nightclub's primary point of sale system. Miske instructed the defendant to take cash from the Nightclub's registers and deliver it to him on a weekly basis.  These weekly deliveries were sometimes in excess of $10,000 each.  The defendant and Miske knew that because of their actions, the gross sales from the Nightclub were being significantly underreported

on the Nightclub's federal tax returns, which resulted in the Nightclub failing to pay a significant amount of tax due and owing to the IRS.

7.  As a part of the conspiracy, Yokoyama was also instructed by Miske to withdraw cash from the Nightclub's bank account and expense those withdrawals as associated services. Yokoyama did so, and then gave a portion of the cash withdraws to Miske. The defendants knew that because of these actions, the expenses of the Nightclub were being falsely reported to the IRS, which ultimately resulted in the Nightclub failing to pay a significant amount tax due and owing to the IRS.

8.  As a part of the conspiracy, and for the purpose of executing a scheme to defraud the IRS, certain writings were transmitted in interstate commerce. For example, tax returns were electronically transmitted to the IRS for the Nightclub on or about August 29, 2015 (tax year 2014), September 14, 2016 (tax year 2015), and September 12, 2017 (tax year 2016). Each of these tax returns contained information both the defendant, and Miske, knew to be materially false in that the returns grossly underreported the Nightclub's true income due to Miske regularly and corruptly skimming funds from Nightclub cash registers and accounts without lawfully reporting the income to the IRS.

All in violation of Title 18, United States Code, Section 1349.

DATED: December 22, 2023, Honolulu, Hawaii.

_____
CLARE E. CONNORS
United States Attorney
District of Hawaii

_____
MICHAEL NAMMAR
MARK INCIONG
W. KEAUPUNI AKINA
Assistant United States Attorneys

United States v. Jason K. Yokoyama
Information
Cr. No. 23-00103 DKW